# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **KEITH KENDRICK,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO:** |
| **JASON LYBERGER and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** | _____ |
| Defendants. | |

## NOTICE OF REMOVAL

Swift Transportation Co. of Arizona, LLC and Jason Lyberger (hereinafter "Defendants") submit this Notice of Removal of this action from the State Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division, respectfully showing as follows:

1.

Defendants are the named defendants in a civil action brought in the State Court of Chatham County, Georgia, styled *Keith Kendrick v. Jason Lyberger and Swift Transportation Co. of Arizona, LLC*, Civil Action File no. STCV21-00376. Defendants consent to the removal of this action – there are no other parties from whom consent is required to the removal of this action. Attached hereto are:

- Exhibit "A": the Complaint filed February 24, 2021 by Plaintiff in the State Court of Chatham County;

- Exhibit "B": the Summons to Jason Lyberger filed February 24, 2021 by Plaintiff in the State Court of Chatham County;

- Exhibit "C": the Summons to Swift Transportation Co. of Arizona filed February 24, 2021 by Plaintiff in the State Court of Chatham County;

- Exhibit "D":  the Answer of Defendants filed March 29, 2021 in the State Court of Chatham County;

- Exhibit "E": the Order granting plaintiff's motion for appointment of special process server filed April 6, 2021 in the State Court of Chatham County;

- Exhibit "F": the affidavit of service on Jason Lyberger filed April 12, 2021 in the State Court of Chatham County;

Exhibits "A" through "F" comprise all process, pleadings, and orders served on or currently in the possession of Defendants.

Additionally, Plaintiffs have responded to Defendant Swift's First Request for Admission of Facts. These discovery responses are included herewith as Exhibit "G."

2.

This action was commenced by the filing of Plaintiff's Complaint on February 24, 2021.

3.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional requirement of $75,000.00, excluding interest and costs.

4.

**Amount in Controversy.** This case arises from a motor vehicle accident that occurred on January 17, 2021. (Exh. A, Complaint, ¶ 6). Plaintiff alleges that as a result of the accident, Plaintiff suffered multiple injuries. (Exh. A, Complaint, ¶ 8). Plaintiff also alleged he has suffered "significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life." (Exh. A, Complaint, ¶ 11). In his Complaint, Plaintiff alleged past medical expenses "in excess of $10,000.00" in past medical expenses for each Plaintiff. (Exh. A, Complaint, ¶¶ 11, 16).

The "jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). However, as noted above, where Plaintiff alleged only "in excess of $10,000.00" in past medical expenses, it was not apparent on the face of Plaintiff's Complaint that the subject action was removable. Thus, the subject action was not removable by Defendants upon receipt of Plaintiff's Complaint.

Nonetheless, on April 28, 2021 Plaintiff provided responses to Defendant's Requests for Admission of Facts in the State court matter and has admitted that Plaintiff claims total damages exceeding $75,000.00 as a result of the incident that forms the basis of Plaintiffs' Complaint. (Exh. G, Request for Admission response, no. 1).

As such, the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

5.

**Timeliness.** Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely as it is filed within 30 days after receipt by Defendants, through service or

otherwise, of a copy of a paper from which it may first be ascertained that the case is one which is or has become removable.  As noted above, on or about April 28, 2021, Defendants received, through their undersigned counsel, responses to Defendant's Requests for Admission of Facts wherein Plaintiff admitted that he seeks total damages exceeding $75,000.00 as a result of the incident that forms the basis of Plaintiff's Complaint. This Notice of Removal is filed within 30 days of receipt of said admissions.

6.

**Diversity of Citizenship.** To the best of Defendants' knowledge and understanding, Plaintiff is a citizen of the state of Georgia.  (Exh. A, Complaint, ¶ 1).

Defendant Swift Transportation Co. of Arizona, LLC was at the time of the commencement of this action and still is a limited liability company organized under the laws of the State of Delaware and its principal place of business in the State of Arizona. For purposes of diversity jurisdiction, Defendant Swift Transportation Co. of Arizona, LLC is deemed a citizen of Delaware and Arizona.

Defendant Jason Lyberger is a citizen of the State of Florida.

7.

This action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

WHEREFORE, Defendants pray that this Notice Removal be filed, this action be removed to and proceed in this Court, and no further proceedings be had in the State Court of Chatham County, Georgia.

Respectfully submitted this 7th day of May, 2021.

**HAWKINS PARNELL & YOUNG LLP**

/s/ *Michael J. Goldman*
Michael J. Goldman
Georgia Bar No. 300100
*Counsel for Defendants*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
mgoldman@hpylaw.com