# Exhibit A

RECEIVED FOR FILING 03/16/2021 4:44 PM E-FILED 97003641 CHATHAM CO. GA

Brian A. Hart - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KEITH KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NUMBER: |
| | ) | |
| v. | ) | STCV21-00376 |
| | ) | |
| JASON LYBERGER and SWIFT | ) | |
| TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, Keith Kendrick, and states his Complaint against Defendants

Jason Lyberger and Swift Transportation Co. of Arizona, LLC as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Keith Kendrick is a resident of the state of Georgia.

2.

Defendant Jason Lyberger was the driver of a tractor trailer involved in the subject

collision and is a resident of the State of Florida who is subject to the jurisdiction of this Court

pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing

Summons and a second original of this Complaint to him at his address of 11022 Clingman

Street, Spring Hill, Hernando County, FL 34608.

3.

Defendant Swift Transportation Co. of Arizona, LLC is a Delaware Foreign Limited

Liability Company transacting business in the State of Georgia and can be served with process

through its registered agent Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, GA 30006. Defendant Swift Transportation Co. of Arizona, LLC is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and as the collision that is the subject of this lawsuit occurred in Chatham County, Georgia.

4.

Defendants Jason Lyberger and Swift Transportation Co. of Arizona, LLC are joint tortfeasors and as such, venue as to all Defendants is proper in Chatham County, Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT JASON LYBERGER

5.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about January 17, 2021, at approximately 11:49 a.m., Plaintiff was exiting a parked 2014 Acura MDX in the right Eastbound lane of West 37th Street in Savannah, Chatham County, Georgia.

7.

On or about the same time and place, Defendant Jason Lyberger was driving a 2017 Freightliner Argosy in the left Eastbound lane of West 37th Street when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the rear left side of the vehicle Plaintiff was exiting.

8.

As a result of the accident, Plaintiff suffered multiple injuries.

9.

At all relevant times, Defendant Jason Lyberger owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Jason Lyberger did violate them in the following particulars:

a.     In failing to make reasonable and proper observations while driving the 2017 Freightliner Argosy; or, if reasonable and proper observations were made, failing to act thereon;

b.     In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

c.     In failing to observe or undertake the necessary precautions to keep the 2017 Freightliner Argosy from colliding with the 2014 Acura MDX in violation of O.C.G.A. § 40-6-390;

d.     In driving the 2017 Freightliner Argosy without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e.     In driving the 2017 Freightliner Argosy in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f.     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant Jason Lyberger's violations of the aforementioned duties of care constitute negligence *per se*.

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Keith Kendrick suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Keith Kendrick has incurred in excess of **$10,000.00** in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT
## SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

12.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

13.

At all relevant times, Defendant Jason Lyberger was an employee and agent of Defendant Swift Transportation Co. of Arizona, LLC, and Defendant Jason Lyberger was driving the 2017 Freightliner Argosy within the course and scope of his employment with Defendant Swift Transportation Co. of Arizona, LLC.

14.

Defendant Swift Transportation Co. of Arizona, LLC is liable for the acts and omissions

of Defendant Jason Lyberger as Defendant Swift Transportation Co. of Arizona, LLC's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

15.

Defendant Swift Transportation Co. of Arizona, LLC negligently hired, retained, and supervised Defendant Jason Lyberger.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Keith Kendrick suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Keith Kendrick has incurred in excess of **$10,000.00** in past medical expenses.

## COUNT III – PUNITIVE DAMAGES

17.

At all relevant times, the breaches of duty by Defendant Jason Lyberger as set forth in paragraphs 5 through 12 of Plaintiff's Complaint were intentional, wanton and reckless and also evidenced that entire want of care that would raise a presumption of conscious indifference to consequences.

18.

By reason of the foregoing, Plaintiff is entitled to recover punitive damages from Defendant Jason Lyberger in an amount to be proven at trial.

19.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant Jason Lyberger in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

This 24th day of February, 2021.

_____
Seth M. Diamond
Georgia State Bar No. 220393
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:      (912) 443-1012
F:      (912) 443-1192

# Exhibit B

# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

**Keith Kendrick**

STCV21-00376

_____

Plaintiff                                 **Case Number**

**Vs**

**Jason Lyberger and Swift Transportation Co. of Arizona, LLC**

Address of Defendant

Jason Lyberger
11022 Clingman Street
Spring Hill, FL 34608

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Jason Lyberger _____

Defendant's Address 11022 Clingman Street, Spring Hill, FL 34608 _____

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney,

whose name and address is:

Seth M. Diamond
Morgan & Morgan
25 Bull Street, Suite 400
Savannah, GA 31401

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

***CLERK OF COURT***
***State Court of Chatham County***

/s/ Joann Darden

Not valid until
signed and sealed
by a Deputy Court
Clerk

_____

Deputy Clerk, State Court of Chatham County

PRINT

27. Summons 10-16-2020

# Exhibit C

# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

**Keith Kendrick**

STCV21-00376

_____

Plaintiff

**Case Number**

**Vs**

**Jason Lyberger and Swift Transportation Co. of Arizona, LLC**

Address of Defendant

Swift Transportation Co. of Arizona, LLC
c/o RA Corporate Creations Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30006

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Swift Transportation Co. of Arizona, LLC
_____

Defendant's Address 2985 Gordy Parkway, 1st Floor, Marietta, GA 30006 _____

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney,

whose name and address is:

Seth M. Diamond
Morgan & Morgan
25 Bull Street, Suite 400
Savannah, GA 31401

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

/s/ Joann Darden

**CLERK OF COURT**
**State Court of Chatham County**

Not valid until
signed and sealed
by a Deputy Court
Clerk

_____

Deputy Clerk, State Court of Chatham County



27. Summons 10-16-2020

# Exhibit D

RECEIVED FOR FILING STATE COURT CLERK CHATHAM CO. 05/03/2021 10:42 AM

*Brian A. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KEITH KENDRICK, | |
|      **Plaintiff,** | |
| **v.** | **CIVIL ACTION** |
| | **FILE NO: STCV21-00376** |
| **JASON LYBERGER and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** | |
|      **Defendants.** | |

## ANSWER OF DEFENDANTS JASON LYBERGER AND SWIFT TRANSPORTATION CO. OF ARIZONA, LLC TO PLAINTIFF'S COMPLAINT

COME NOW DEFENDANTS JASON LYBERGER ("Mr. Lyberger") and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Swift"), (collectively, "Defendants"), Defendants in the above-styled matter and file their Answer to Plaintiff's Complaint ("Plaintiff's Complaint"), showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the equal protection clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 2, and by the Fourteenth Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

No act or omission on the part of Defendants constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## FOURTH AFFIRMATIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against Defendants would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph 1 of the Constitution of Georgia of 1983 because (1) such an award under Georgia law is subject to no predetermined amount, such as a maximum multiple of compensatory damages or a maximum amount; (2) the standard of law in Georgia does not provide for sufficient clarity for determining the appropriateness and the approximate size of the punitive damages award; (3) the jury is not, under Georgia law, adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (4) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, status and identity of the Defendants; (5) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (6) the award of punitive damages is not subject to trial court and appellate judicial review for reasonableness and for the furtherance of the legitimate purposes of such damages on the basis of objective standards; (7) the award of punitive damages in this action would have an impermissible extraterritorial effect; (8) Defendants had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive

2

damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of an adequate or meaningful standards as to the kind of conduct that might subject Defendants to punitive damages or as to the potential amount of such an award; (9) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (10) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiff; and (11) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc. 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

## FIFTH AFFIRMATIVE DEFENSE

At the time of the events referenced in this complaint, Mr. Lyberger was experiencing an unforeseen medical emergency that rendered him incapable of realizing or comprehending how he was operating the subject Freightliner.

## SIXTH AFFIRMATIVE DEFENSE

There is a lack of jurisdiction of this court over the person of Mr. Lyberger.

## SEVENTH AFFIRMATIVE DEFENSE

There is a lack of service of process upon the person of Mr. Lyberger.

## EIGHTH AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon the person of Mr. Lyberger.

3

## NINTH AFFIRMATIVE DEFENSE

There is an insufficiency of process upon the person of Mr. Lyberger.

## TENTH AFFIRMATIVE DEFENSE

Venue as to Mr. Lyberger is improperly laid in this court.

In answer to the numbered Paragraphs of Plaintiff's Complaint:

## PARTIES AND JURISDICTION

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and hence, can neither admit nor deny the same. To the extent an answer is deemed required, the allegations in this paragraph are denied.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint as to Swift and admit the allegations as to Mr. Lyberger except they deny that Mr. Lyberger has been served. Defendants therefore deny that Mr. Lyberger is subject to this court's jurisdiction.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Swift admits that venue is proper as to it, but Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

## COUNT I – ALLEGED NEGLIGENCE OF DEFENDANT JASON LYBERGER

5.

Defendants reassert their answers to Paragraphs 1 through 4 of their Answer as if set forth herein.

4

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and hence, can neither admit nor deny the same. To the extent an answer is deemed required, the allegations in this paragraph are denied.

7.

Defendants deny the allegations as stated in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and hence, can neither admit nor deny the same. To the extent an answer is deemed required, the allegations in this paragraph are denied.

9.

While Defendants admit that Mr. Lyberger owed certain duties, as do all vehicle operators, Defendants deny that Mr. Lyberger violated any of those duties and further deny each and every allegation contained in Paragraph 9 of Plaintiffs' Complaint, including subparagraphs a. through f.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in the first sentence of Paragraph 11 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation, and hence, can neither admit nor deny the same.

To the extent an answer is deemed required, the remaining allegations in this paragraph are denied.

## COUNT II – NEGLIGENCE OF DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

### 12.

Defendants reassert their answers to Paragraphs 1 through 11 of their Answer as if set forth herein.

### 13.

Swift admits that Mr. Lyberger was an employee at the time the subject accident began. Swift and Mr. Lyberger note that when the collisions referenced in this complaint occurred, Mr. Lyberger was experiencing a medical emergency and he did not realize or comprehend that he was operating the subject Freightliner in a manner that would cause property damage or bodily injury. Therefore, Defendants deny the allegations as stated in Paragraph 13 of Plaintiff's Complaint.

### 14.

Swift admits only that Mr. Lyberger was an employee at the time of the collision referenced in this complaint. Swift denies that it has any liability for the alleged "acts and omissions" of Mr. Lyberger because, as noted previously, Mr. Lyberger was suffering from a medical emergency that prevented from him from realizing or comprehending what he was doing at the time.

### 15.

Defendants deny the allegations as stated in Paragraph 15 of Plaintiff's Complaint.

### 16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

RECEIVED FOR FILING, SUPERIOR COURT, CHATHAM CO., GA, 04/28/2021 10:43 AM    _Brian A. Hart_ - Clerk of Court

## COUNT III – ALLEGED PUNITIVE DAMAGES

### 17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

### 18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

### 19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendants deny each and every allegation contained in the "Wherefore" clause of Plaintiff's Complaint, including subparts a. through g. and deny that Plaintiff is entitled to any of the relief requested therein.

Each and every other allegation not specifically admitted or responded to herein stands denied.

WHEREFORE, Defendants JASON LYBERGER and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. respectfully demand judgment in their favor, a trial by jury of twelve, all costs and attorneys' fees for defending the action, and such other and further relief as the Court deems just and proper.

This 29ᵗʰ day of March, 2021.

                                     **HAWKINS PARNELL & YOUNG, LLP**

                                     / s / *Warner S. Fox*

303 Peachtree Street, N.E.                  Warner S. Fox
Suite 4000                                   Georgia Bar No. 272654
Atlanta, Georgia 30308-3243            *Counsel for Defendants*
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hpylaw.com

RECEIVED FOR FILING, STATE COURT CLERK OF CHATHAM CO. 03/29/2021 10:43 AM    *Brian R. Hart* - Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KEITH KENDRICK,

      Plaintiff,

v.

JASON LYBERGER and SWIFT
TRANSPORTATION CO. OF ARIZONA,
LLC,

      Defendants.

CIVIL ACTION
FILE NO: STCV21-00376

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter

with a copy of **ANSWER OF DEFENDANTS JASON LYBERGER AND SWIFT**

**TRANSPORTATION CO. OF ARIZONA, LLC TO PLAINTIFF'S COMPLAINT** via the

Court's electronic filing system (Odyssey), addressed as follows:

Seth M. Diamond, Esq.
Morgan & Morgan.
25 Bull St., Ste. 400
Savannah, GA 31401
sdiamond@forthepeople.com
*Counsel for Plaintiff*

This 29th day of March, 2021.

HAWKINS PARNELL & YOUNG LLP

/ s / *Warner S. Fox*

Warner S. Fox
Georgia Bar No. 272654
*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hpylaw.com

13139846v.1

# Exhibit E

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

KEITH KENDRICK,                        )
                                       )
    Plaintiff,     )          CIVIL ACTION FILE NUMBER:
                                       )
v.                                     )          STCV21-00376
                                       )
JASON LYBERGER and SWIFT               )
TRANSPORTATION CO. OF ARIZONA          )
LLC,                                   )
                                       )
    Defendants.    )

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server being before this Court for

consideration, and it appearing that Jean Marc Joseph is qualified for such appointment pursuant

to O.C.G.A. § 9-11-4(c).

IT IS HEREBY ORDERED that said Motion is hereby granted. Jean Marc Joseph is

specially appointed as process server authorized to serve the Summons and Complaint in this

matter pursuant to O.C.G.A. § 9-11-4(c).

SO ORDERED this ___6___ day of ___April___, 20_21_.

_____
Judge, State Court of Chatham County

*Prepared by:*
*Seth M. Diamond*
*Morgan & Morgan*
*25 Bull Street, Suite 400*
*Savannah, GA 31401*
*912-443-1012*
*912-443-1192, Facsimile*
*sdiamond@forthepeople.com*

# Exhibit F

## RETURN OF SERVICE

**State of Georgia**                                                                                    **County of Chatham**

Case Number: STVC21-00376

Plaintiff:
**KEITH KENDRICK**

vs.

Defendant:
**JASON LYBERGER AND SWIFT TRANSPORTATION CO. OF ARIZONA,LLC**

For:
MORGAN & MORGAN
25 BULL STREET SUITE 400
SAVANNAH, GA 31401

Received by Marc Security Services LLC/DBA/ Innovation Legal Services on the 6th day of April, 2021 at 8:52 am to be served on **JASON ROBERT LYBERGER, 11022 CLINGMAN ST, SPRINGHILL, FL 34608**.

I, JEAN JOSEPH, do hereby affirm that on the **7th day of April, 2021** at **12:24 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **COMPLAINT AND DEMAND FOR TRIAL BY JURY** with the date and hour of service endorsed thereon by me, to: **Linda LYBERGER** as **Mother** at the address of: **11022 CLINGMAN ST, SPRINGHILL, FL 34608**, the within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: WHITE, Height: 5"8, Weight: 170, Hair: BLOND, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**JEAN JOSEPH**
104117-10

**Marc Security Services LLC/DBA/ Innovation Legal Services**
**4377 COMMERCIAL WAY**
**#103**
**SPRING HILL, FL 34607**
**(813) 406-1922**

Our Job Serial Number: MSE-2021000016

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

# Exhibit G

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

KEITH KENDRICK,             )
                                   )

       Plaintiff,            )
                                   )     CIVIL ACTION FILE NUMBER:

v.                             )
                                   )     STCV21-00376

JASON LYBERGER and SWIFT     )
TRANSPORTATION CO. OF        )
ARIZONA, LLC,               )
                                   )

       Defendants.        )

## PLAINTIFF'S RESPONSES TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S REQUEST FOR ADMISSIONS

COMES NOW, Plaintiff, Keith Kendrick, and responds to Defendant Swift Transportation Co. of Arizona, LLC's First Request for Admission of Facts to Plaintiff Keith Kendrick as follows:

## GENERAL OBJECTIONS

Plaintiff's investigation and discovery in this matter are continuing, and Plaintiff reserves the right to supplement, modify, or amend these responses, if necessary, to conform to facts and evidence. All rights of the Plaintiff are expressly reserved and nothing in the responses that follow is intended as or serves as a waiver of any and all rights of the Plaintiff consistent with the Georgia Civil Practice Act.

Plaintiff objects to Defendant's Request for Admissions and accompanying instructions and definitions to the extent that they seek to impose any obligation on the Plaintiff, for supplementation or otherwise, beyond that required by the Georgia Civil Practice Act.

Plaintiff objects to Defendant's Request for Admissions to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## REQUEST FOR ADMISSIONS

### 1.

Admit that Plaintiff claims total damages exceeding $75,000.00 as a result of the incident that forms the basis of Plaintiff's Complaint.

**Admitted.**

### 2.

Admit that Plaintiff claims total damages not exceeding $75,000.00 as a result of the incident that forms the basis of Plaintiff's Complaint.

**Denied.**

### 3.

Admit that Plaintiff may seek to recover damages in excess of $75,000.00 at the trial of this case.

**Admitted.**

### 4.

Admit that Plaintiff will not seek to recover damages in excess of $75,000.00 at the trial of this case.

**Denied.**

This 28th day of April, 2021.

_____
Seth M. Diamond
Georgia State Bar No. 220393
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:      (912) 443-1012
F:      (912) 443-1192
sdiamond@forthepeople.com

## **CERTIFICATE OF SERVICE**

      This is to certify that I have served a true and correct copy of the foregoing *Plaintiff's Responses to Defendant Swift Transportation Co. of Arizona, LLC's Request for Admissions* on this date upon all counsel of record by depositing a true and correct copy of the same in the United States Mail, postage paid and addressed to:

Warner S. Fox, Esq.
Hawkins Parnell & Young, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308
*Attorneys for Defendant*

This 28th day of April, 2021.

 

 

_____
Seth M. Diamond
Georgia State Bar No. 220393
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:     (912) 443-1012
F:     (912) 443-1192
sdiamond@forthepeople.com

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

KEITH KENDRICK,            )
                             )
      Plaintiff,         )
                             )    **CIVIL ACTION FILE NUMBER:**
v.                          )
                           )    STCV21-00376
JASON LYBERGER and SWIFT    )
TRANSPORTATION CO. OF       )
ARIZONA, LLC,           )
                           )
      Defendants.     )

## USCR 5.2 CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff does hereby certify that pursuant to Uniform Superior Court Rule 5.2, due and legal service, pursuant to O.C.G.A. § 9-11-5, of the following documents has been made upon all counsel of record.

*Plaintiff's Responses to Defendant Swift Transportation Co. of Arizona, LLC's Request for Admissions*

Said service was made by placing a true and correct copy of same in the United States Mail, with adequate postage affixed thereto to ensure delivery, addressed as follows:

Warner S. Fox, Esq.
Hawkins Parnell & Young, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308
*Attorneys for Defendant*

This 28th day of April, 2021.

_____
Seth M. Diamond
Georgia State Bar No. 220393
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:      (912) 443-1012
F:      (912) 443-1192
sdiamond@forthepeople.com

### CERTIFICATE OF SERVICE

       This is to certify that I have served a true and correct copy of the foregoing *USCR 5.2 Certificate of Service* on this date upon all counsel of record by depositing a true and correct copy of the same in the United States Mail, postage paid and addressed to:

Warner S. Fox, Esq.

Hawkins Parnell & Young, LLP

303 Peachtree Street, NE

Suite 4000

Atlanta, GA 30308

*Attorneys for Defendant*

This 28th day of April, 2021.

_____

Seth M. Diamond

Georgia State Bar No. 220393

*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:     (912) 443-1012
F:     (912) 443-1192
sdiamond@forthepeople.com

# Exhibit H

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

KEITH KENDRICK,

      Plaintiff,

v.                                                                  CIVIL ACTION FILE NO:
                                                                          STCV21-00376
JASON LYBERGER and SWIFT
TRANSPORTATION CO. OF ARIZONA,
LLC,

      Defendants.

<u>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**</u>

**NOTICE IS HEREBY GIVEN** that the Defendants in the above-styled action have filed

in the United States District Court for the Southern District of Georgia, Savannah Division, a

Notice of Removal of said action to the United States District Court in accordance with the

provisions of 28 U.S.C. §§ 1441 and 1446. Attached hereto and made parts hereof are a true and

accurate copy of said Notice of Removal and all papers and exhibits attached hereto.

This 7th day of May, 2021.

HAWKINS PARNELL & YOUNG LLP

303 Peachtree Street, N.E., Suite 4000      / s / *Warner S. Fox*
Atlanta, Georgia  30308-3243
(404) 614-7400                       Warner S. Fox
(404) 614-7500 (facsimile)          Georgia Bar No. 272654
wfox@hpylaw.com                  Michael J. Goldman
mgoldman@hpylaw.com          Georgia Bar No. 300100
                                                                          *Counsel for Defendants*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **KEITH KENDRICK,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO:** |
| | **STCV21-00376** |
| **JASON LYBERGER and SWIFT** | |
| **TRANSPORTATION CO. OF ARIZONA,** | |
| **LLC,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter

with a copy of **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** via

statutory electronic service/electronic mail, addressed as follows:

Seth M. Diamond, Esq.
Morgan & Morgan.
25 Bull St., Ste. 400
Savannah, GA  31401
sdiamond@forthepeople.com
*Counsel for Plaintiff*

This 7th day of May, 2021.

HAWKINS PARNELL & YOUNG LLP

/ s / *Warner S. Fox*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hpylaw.com

Warner S. Fox
Georgia Bar No. 272654
*Counsel for Defendants*